22-5326-431

CAUSE NO. _____

| | | |
|---|---|---|
| RUBY HERNANDEZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

The Plaintiff files this petition and for cause of action will show the following:

### Discovery Control Plan / Texas Supreme Court – Required "Nature of Case" Statement

1. The Plaintiff intends that discovery in this case is to be conducted under Level 2, as described by Texas Rule of Civil Procedure 190. Ms. Hernandez makes the statement regarding what she is seeking in this paragraph only because she is required to do so by the Texas Supreme Court, to provide information regarding the nature of cases filed, for statistical purposes. Ms. Hernandez does not make such a statement in this paragraph to affect her substantive rights to recover any dollar amounts which the jury believes to be appropriate. Ms. Hernandez trusts the jury to provide whatever dollar amounts the jury believes to be appropriate for her claims, whether in the range described in this paragraph, or above or below that range. Therefore, it is Ms. Hernandez's intent that the jury consider evidence at trial and come to its own determination and not base the jury's determination on the assertion made in this paragraph. Therefore, pursuant to the Texas Supreme Court's requirement, Ms. Hernandez seeks monetary relief over $250,000, but not more than $1,000,000. Ms. Hernandez makes this statement on July 1, 2022 before conducting any discovery in this case and therefore before learning whatever she will learn through discovery.

## Parties

2. Defendant Home Depot U.S.A., Inc. ("Home Depot") is a foreign corporation. Home Depot acted at all relevant times through its agents, and/or employees and is liable for such actions pursuant to agency principles, *respondeat superior*, other vicarious liability principles, and/or pursuant to the Texas Labor Code. Home Depot may be served with process by serving its registered agent for service of process, Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, at its registered office, 211 E. 7th St., Suite 620, Austin, Texas 78701.

3. Plaintiff Ruby Hernandez ("Ms. Hernandez") is a natural person who resided in Texas at all relevant times. Ms. Hernandez was an employee of Home Depot acting in the course and scope of her duties for that employer, and/or acting as an agent or servant of that employer acting within the general scope of her employment, at the time she initially sustained injuries and damages giving rise to the filing of claims in this suit.

## Factual Allegations

4. The Plaintiff provides in this Factual Allegations section the general substance of certain factual allegations. The Plaintiff intends that this section provide the Defendant fair notice of the general nature and substance of the Plaintiff's factual allegations.

5. On or about October 3, 2020, Ms. Hernandez was working as an employee for Home Depot in the tool rental department at a Home Depot store located in Denton County, Texas. While she was working, a customer rented a large wood chipper. The customer sought help loading the wood chipper onto a trailer. Home Depot requires two employees to load the wood chipper as it weighs approximately 300 lbs. However, the store was understaffed that day and no other Home Depot employee was available to help Ms. Hernandez load the wood chipper. The

customer attempted to help her load the wood chipper. While Ms. Hernandez and the customer were attempting to load the wood chipper, the wood chipper fell on top of her and caused her injury.

6. Ms. Hernandez suffered actual damages as a result of the incident, including but not limited to significant physical injuries. Specifically, Ms. Hernandez suffered a severe back injury (including several herniated discs). Ms. Hernandez received epidural steroid injections, but continues to experience (among other symptoms) low back pain, left leg pain, intermittent right hip pain, and tingling in her feet.

7. Home Depot should have assisted Ms. Hernandez with the loading and should not have allowed the untrained customer to assist with the loading. Moreover, Ms. Hernandez had only recently begun working in the rental department and was not fully trained on all the department's policies and procedures.

8. Ms. Hernandez was acting in the course of her employment for Home Depot and/or as an agent or servant of Home Depot acting within the general course of her employment at the time of the incident.

9. Upon information and belief, Home Depot failed to provide to Ms. Hernandez a safe workplace, or a safe environment, and/or the opportunity to work with one or more other competent Home Depot employees and also failed to do certain things which also ultimately proximately caused the Plaintiff's injuries, including but not necessarily limited to:

- Failing to use due care that would have been used by an employer of ordinary prudence under the same or similar circumstances;
- Failing to provide to Ms. Hernandez a safe workplace, and/or a safe environment;
- Failing to adequately staff the department;
- Failing to provide proper training and/or supervision;

- Failing to provide, implement, and/or enforce rules and or regulations and/or instructions for loading merchandise at the store;

- Failing to provide and/or use proper safety equipment;

- Failing to properly supervise Ms. Hernandez and/or provide her with assistance;

- Failing to assure that the Home Depot employees involved in the work being done, and which resulted in Ms. Hernandez's injuries, whether they engaged in the actions and/or were directing and/or supervising such actions, safely and appropriately performed such tasks, direction, and/or supervision; and/or

- Failing to use ordinary care to select, hire, supervise, and/or retain careful and competent co-employees and/or agents.

10. These and/or other related actions and/or inaction, both singularly and alternatively, and taken together as a combination of one or more such categories, proximately caused Ms. Hernandez to suffer actual injuries and damages including but not necessarily limited to:

- Past physical pain;

- Future physical pain;

- Past mental anguish;

- Future mental anguish;

- Past physical impairment;

- Future physical impairment;

- Medical and healthcare expenses incurred (paid plus owed) in the past;

- Medical and healthcare expenses that in reasonable probability will be incurred in the future;

- Lost wages incurred in the past;

- Loss of earning capacity incurred in the past;

- Loss of earning capacity that a reasonable probability will be incurred in the future;

- Loss of fringe benefits;

- Loss of household services;

- Past disfigurement; and/or

- Future disfigurement.

## Cause of Action for Negligence

11.   In the alternative, without waiving any of the other causes of action pled herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein (including all allegations in the "Factual Allegations" section above) to the extent they are not inconsistent with the cause of action pled here, the Defendant is liable to the Plaintiff for negligence.  The Defendant owed duties to the Plaintiff including but not necessarily limited to:

- Exercising care to provide a safe place for Ms. Hernandez to work (including both the design of the work area and temporary conditions that might develop during its use);

- Providing adequate help to Ms. Hernandez for the performance of the work required of her;

- Warning Ms. Hernandez of hazards that were not commonly known and already appreciated by Ms. Hernandez;

- Warning Ms. Hernandez about any hidden or unusual dangers incident to employment duties required of her;

- Providing proper training;

- Providing proper safety equipment;

- Providing the necessary tools, machinery, or physical instruments needed to carry out Ms. Hernandez's work (any such tools and machinery being in a safe condition); and/or

- Stopping the use of any unsafe method used by Ms. Hernandez and/or her co-workers to accomplish a task.

The Defendant breached its duties (including those listed in this paragraph and paragraph 9 above) and proximately caused the Plaintiff to suffer damages referenced, described, and/or specified herein.

### Defendant's Non-Subscriber Status and Waiver of Potential Defenses

12. Upon information and belief, the Defendant was not at the time Ms. Hernandez was injured a subscriber to workers' compensation insurance pursuant to Texas law. It did not have the subscriber status referenced in and/or described in the Texas Labor Code. Therefore, the Defendant has waived and does not have available to it defenses including but not necessarily limited to the following:

- assumption of the risk;
- negligence of a fellow employee;
- comparative or proportionate responsibility; and
- contributory negligence.

13. Further, Ms. Hernandez need only prove, as a result of the Defendant choosing not to obtain worker's compensation coverage that the Defendant's actions and/or inaction were **a** proximate cause of Ms. Hernandez's damages. Clearly, under Texas law, there can be multiple proximate causes of an incident. Thus, for sake of simplicity, Ms. Hernandez merely must prove that **some** percentage of fault, or proximate cause, lies with the Defendant. Such percentage could be less than one percent of all proximate causes. Nevertheless, it appears clear in this case that the Defendant's fault far exceeds such a low standard and, if measured by typical comparative fault, would approach if not be sole proximate cause.

### Conditions Precedent

14. All conditions precedent to assertion of the Plaintiff's claims have occurred.

### Use of Documents at Trial

15. The Plaintiff intends to use at one or more hearings and/or at the trial all documents produced by the Defendant in this case (in response to written discovery requests and otherwise).

### Jury Demand

16. The Plaintiff demands a jury trial and will pay the appropriate fee.

### Prayer

17. For these reasons, the Plaintiff asks that the Defendant be cited to appear and answer, and that the Plaintiff have judgment within the jurisdictional limits of the court and against the Defendant, as legally applicable, for:

   a) actual damages including but not necessarily limited to:

   1) Past physical pain;

   2) Future physical pain;

   3) Past mental anguish;

   4) Future mental anguish;

   5) Past physical impairment;

   6) Future physical impairment;

   7) Medical and healthcare expenses incurred (paid plus owed) in the past;

   8) Medical and healthcare expenses that in reasonable probability will be incurred in the future;

   9) Lost wages incurred in the past;

   10) Loss of earning capacity incurred in the past;

   11) Loss of earning capacity that a reasonable probability will be incurred in the future;

   12) Loss of fringe benefits;

        13)     Loss of household services;

        14)     Past disfigurement; and/or

        15)     Future disfigurement;

b)     pre-judgment and post-judgment interest at the highest legal rate;

c)     costs; and

d)     all other relief, general and special, legal and equitable, to which the Plaintiff is entitled.

        Respectfully submitted,

        Law Offices of Dean Malone, P.C.

        By: _____
        Michael T. O'Connor

        T. Dean Malone
        Texas State Bar No. 24003265
        dean@deanmalone.com
        Michael T. O'Connor
        Texas State Bar No. 24032922
        michael.oconnor@deanmalone.com
        900 Jackson Street
        Suite 730
        Dallas, Texas 75202
        Telephone:    (214) 670-9989
        Telefax:       (214) 670-9904

        Attorneys for the Plaintiff

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Melissa Hernandez on behalf of Michael O'Connor
Bar No. 24032922
melissa.hernandez@deanmalone.com
Envelope ID: 65986627
Status as of 7/6/2022 10:57 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Michael T.O'Connor | | michael.oconnor@deanmalone.com | 7/1/2022 4:09:07 PM | SENT |
| Virginia Lopez | | virginia.lopez@deanmalone.com | 7/1/2022 4:09:07 PM | SENT |
| Melissa Hernandez | | melissa.hernandez@deanmalone.com | 7/1/2022 4:09:07 PM | SENT |
| Emily Fitch | | emily.fitch@deanmalone.com | 7/1/2022 4:09:07 PM | SENT |